UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-162-FDW-DCK

| | |
|---|---|
| AL SMILE, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )     **ORDER**<br>) |
| WILENTZ LIMITED LIABILITY<br>COMPANY, LLC, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1).[1] Also pending are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), Motion for Emergency *Ex Parte* Hearing, (Doc. No. 3), and Motion to Consolidate, (Doc. No. 5).

**I.  BACKGROUND**

*Pro se* Plaintiff purports to file suit under 18 U.S.C. § 241. He names as Defendants Wilentz Limited Liability Company, LLC; Wilentz, Goldman & Spitzer, P.A.; and David Widstein. (Doc. No. 1 at 2). Plaintiff asserts that he resides in Charlotte, all of the Defendants are located in Woodbridge, New Jersey. He claims that the Court has federal question jurisdiction pursuant to §

---

[1] Plaintiff presently has four cases pending before this Court: 3:19-cv-161, 3:19-cv-162, 3:19-cv-163, and 3:19-cv-164 that all contain similar allegations. Plaintiff has filed a "Motion for *Ex Parte* Hearing," etc., in all four cases and Motions seeking to consolidate case -161 with -163, and case -162 with -164.
    The Court notes that, in case number 3:19-cv-3-MOC-DCK, Plaintiff previously filed an action against apartment complex "Crestmont & Ballantyne LLC," which is also named as a Defendant in case number 3:19-cv-161. That action was dismissed as frivolous and for lack of subject-matter jurisdiction on February 4, 2019.
    The current pending cases are largely duplicative (which Plaintiff partially acknowledges in his Motions to Consolidate), they are frivolous, and they fail to state a claim upon which relief can be granted. **Plaintiff is cautioned that repeated duplicative and frivolous filings in this Court may result in the imposition of sanctions including a pre-filing injunction**.

1

241 and diversity jurisdiction.

> Plaintiff states the facts underlying the case as follows, *verbatim*:
>
> My Son is a Special needs Child. I was awarded custody of him @ 11 Yrs old by the head Judge in Essex County, NJ (Honorable Judge Troiano) (See attached Profile).[2] My Son's Mom never got over this and has been through several Attorneys, married a few times and worked her way up to the top floor after her Fiance in the same law firm hired this top attorney for her who she ended up marrying and his entire matrimonial team quit on him. Our Son had some issues Nov/Dec 2017 & had to go to a treatment center. During this period I discovered some very troubling thing by his Mom's New Phone frequently dialing me & leaving messages on vmail when I'd miss the call otherwise I'd listen out of curiosity since they were talking about Our Son and the Situation. I found their conversation to be disturbing. I also discovered some things that I wasn't supposed to know and when I confronted my Son's Mom she was infuriated. Since, they choked off all financial support and assistance they both agreed to pay and did timely and consistently for several years ($5,900 Per Month). Payments Stopped Retaliation Began!"

(Doc. No. 1 at 5).

> Plaintiff alleges irreparable injury as follows, *verbatim*:
>
> When I 1st filed for Custody for my Son when @ 11 years old, I did so because he was being given alcohol to knock him out when a certain Paramour would visit and every summer he pleaded with me to. I worked very hard for over 20 years and built a technology communications company (AT&T Franchise). A Publicly traded company bought us out $Multi-Million$ buy out! I decided it was finally time and I did it. This has been going on in a manner of speaking since. My Son's Mom ended up Marrying her Lawyer and when she recently got upset about the salacious discoveries accidentally made it was infuriating to her! Our case was about them giving Our Son alcohol. I also discovered that they allowed him to get sick drunk at their wedding at 16 yrs old and he ended up getting beat up (Bloody Bad) Severely by one of her family members she's very protective of. Then they tried covering it all up. It happened again by a different family member I also found out. My Son was bullied a lot in school and with his issues he's always been a target. The discovery of the salacious behavior regarding the same Paramour who is dear to her puts her fantasy financial state at grave risk now so she thinks. She's Mad!

(Doc. No. 1 at 5).

---

[2] There is no such attachment to the Complaint.

Plaintiff seeks as relief the following, *verbatim*:

> My Son's Mom & "New Lawyer Husband" agreed to pay $3,800. Gift from the Mom, (tax beneficial) & a $2,100. per month consulting fee from her new lawyer husband (tax beneficial). He owes me now in back payments, $2,100. X 19 Months = ($39,900). My Son's Mom owes $3,800. X 17 Months = ($72,000). I am also requesting reimbursement for rent I paid I never enjoyed! (17 X $,1590. = $27,030). If the business tort law would be applicable here, I'd request the Court Order they each pay this amount! I'll ask the court to take into consideration requiring All defendants proportionately to pay me immediate Atty Fees! This case cries out for Justice! I'll need to seek assistance of Professional Council (Fair Playing Field)! I need someone who deals in these types of cases Multi-State, (different Collaborating Parties Involved, etc). I'd like to ask the court to grant reasonable attorney fees proportionately from each party that I listed in these coorelating series of complaints! I'd request an initial minimum Amt of $25,000. Per Defendant. This will allow me to represent my claim, revealing these atrocities!

(Doc. No. 1 at 5).

## II. MOTION TO PROCEED *IN FORMA PAUPERIS*

The Court first addresses Plaintiff's motion to proceed *in forma pauperis*. Plaintiff's affidavit shows that he has no income or assets. (Doc. No. 2 at 1-3). Plaintiff states that his son's mother and her husband owe him $87,000, Legacy at Ballantyne owes him $94,000, and Caudle & Spears, Loebsack & Brownlee owe him $77,500. (Id. at 3). He claims that his special needs adult son relies on him for support. (Id.). He has not listed any monthly expenses. (Id. at 4-5). He expects changes to his monthly expenses, assets, or liabilities in the next year, stating "Reimbursement during litigation I'm pursuing." (Id. at 5). Plaintiff does not expect to have any expenses or attorney's fees in conjunction with this lawsuit. (Id.). He explains his inability to pay the costs of these proceedings as follows: "I have been a victim of a vindictive hate crime, riddled with cyber assaults, sabotage, harassment, stalking, mainly my son's mom is vindictively and stopped paying us child support & giving us assistance." (Id.). The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion

and permit Plaintiff to proceed *in forma pauperis*.

## III.    STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A court may consider subject matter jurisdiction as part of the frivolity review. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure.").

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A pro se complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under

4

federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

The Complaint is so severely deficient that it cannot pass initial review and will be dismissed without prejudice.

Plaintiff fails to clearly set forth the allegations against each Defendant and therefore the Complaint is too vague and conclusory to proceed. See Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). To the extent that Plaintiff makes allegations against individuals not named as Defendants, the claims against them are nullities. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); see, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Moreover, Plaintiff's factual allegations are so confusing and nonsensical that the Court deems them frivolous. See Neitzke, 490 U.S. at 327-28.

The Complaint is also lacking in any legal basis upon which it can proceed at this time.[3] Plaintiff purports to sue under 18 U.S.C. § 241, however, Section 241 is the criminal analogue of 42 U.S.C. § 1983 and "do[es] not give rise to a civil action for damages." Cok v. Cosentino, 876

---

[3] Plaintiff is reminded that it is his burden to establish the existence of subject-matter jurisdiction. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (the burden of establishing subject matter jurisdiction rests on the party asserting jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

F.2d 1, 2 (1st Cir. 1989). Plaintiff's reliance on § 241 fails as a matter of law because only the United States as prosecutor can bring a complaint under that section. Id.; see also Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) ("dismissal of [plaintiff's] claims … alleging violations of [Section 241 and other statutes] was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action."); Tribble v. Reedy, 888 F.2d 1387 (4th Cir. 1989) (table) (affirming dismissal of civil action "alleg[ing] violations of 18 U.S.C. §§ 241, 1341 and 1343 … [because u]nless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute."); Rankin v. Sykes, 2019 WL 203184 at *3 (M.D.N.C. Jan 15, 2019) (dismissing on initial review pro se plaintiff's claims that relied on 18 U.S.C. §§ 241 and 242 because they provide no private cause of action).

Even if the Court liberally construes the Complaint as raising a properly pled conspiracy claim pursuant to §§ 1983 or 1985, Plaintiff has still failed to state a claim upon which relief can be granted. To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. Plaintiff does not allege that his rights secured by the constitution and laws of the United States were violated by any state actor. See Thomas v. The Salvation Army So. Terr., 841 F.3d 632 (4th Cir. 2016) (affirming dismissal in favor of defendants, three private charities, because plaintiff did not allege any facts to remotely suggest that their actions were attributable to the state). Therefore, any attempt to rely on § 1983 is unavailing.

To state a claim under § 1985, a plaintiff must show: "(1) a conspiracy of two or more

persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyments of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Id. at 637. Plaintiff's allegations are insufficient to proceed under § 1983. For instance, he has not alleged that any conspiracy between private actors was motivated by a specific class-based invidiously discriminatory animus to deprive Plaintiff of equal protection of the law. See id. (affirming dismissal where plaintiff provided no facts to suggest that the defendants did anything, much less deprive her of her rights because of her alleged mental disability, and the facts did not show any coordination or conspiracy). Therefore, even if the Court construes the Complaint as relying on § 1985, Plaintiff has failed to state a claim on which the Court can proceed.

Because Plaintiff's fanciful factual allegations fail to state any claim for relief, the Complaint must be dismissed for frivolity and for failure to state a claim upon which relief can be granted.

Also pending is Plaintiff's Motion for Emergency *Ex Parte* Hearing, (Doc. No. 3), in which he names as Defendants his ex-wife, Colleen Thompson, Gerardo, "Smile," Wildstein and her current husband, David Wildstein. In his Motion to Consolidate, (Doc. No. 5), Plaintiff asks that this action be consolidated with case number 3:19-cv-164. Plaintiff's Motions will be denied as moot because the Complaint is insufficient to proceed at this time, and therefore, neither a hearing nor consolidation is appropriate.

Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing pro se, he is required to comply with all applicable timeliness and

procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a civil complaint, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each defendant. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, clearly set forth the factual allegations against each of them, and set forth the basis for the Court's jurisdiction. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). Plaintiff's failure to comply with this Order will probably result in this case's dismissal and closure without further notice.

## V. CONLUSION

Plaintiff's motion to proceed in forma pauperis is granted. For the reasons stated herein, the Complaint is dismissed without prejudice to file an Amended Complaint within 14 days of this Order. Plaintiff's failure to comply with this Order will probably result in this case's dismissal and closure without further notice. Inasmuch as the Complaint is frivolous and insufficient to proceed, Plaintiff's Motions to consolidate and for a hearing are denied as moot.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED**.

2. The Complaint is **DISMISSED** without prejudice as frivolous and for failure to

8

state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3. Plaintiff's Motion for Emergency *Ex Parte* Hearing, (Doc. No. 3), and Motion to Consolidate, (Doc. No. 5), are **DENIED** as moot.

4. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without further notice to Plaintiff.

5. The Clerk of Court is directed to mail a copy of the civil complaint form to Plaintiff.

Signed: April 24, 2019

Frank D. Whitney
Chief United States District Judge